# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:18CV-P5-TBR

VANCE CARTER GREEN                                                     PLAINTIFF

v.

STEVE WILLIAMS *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Vance Carter Green, an inmate at the Fulton County Detention Center (FCDC), filed the instant *pro se* complaint under 42 U.S.C. § 1983. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed the action to proceed for further development (DNs 9 and 11).

On June 8 and June 22, 2018, the mailings of those Orders to Plaintiff at his address of record at FCDC were returned to the Court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DNs 12 and 14). Therefore, by Order entered July 10, 2018, the Court concluded that Plaintiff was no longer housed at FCDC (DN 15). However, the Court observed that in an attachment to the complaint, Plaintiff provided a "forwarding address" in anticipation of his release. Thus, the Court directed the Clerk of Court to re-send DNs 9 and 11 to Plaintiff at the address he provided in the attachment to his complaint. In addition, the Court ordered Plaintiff to either pay the $350.00 filing fee to the Clerk of Court or file a non-prisoner application to proceed without prepayment of fees within 30 days. The Court warned Plaintiff that failure to comply with the Order within 30 days would result in dismissal of this action.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the

responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4413.010